UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STARR XANADU,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security,<br><br>　　　　Defendant. | No. 05-CV-0130-AAM<br><br>ORDER GRANTING<br>PLAINTIFF'S MOTION FOR<br>SUMMARY JUDGMENT AND<br>REMANDING FOR ADDITIONAL<br>PROCEEDINGS, *INTER ALIA* |

BEFORE THE COURT are cross motions for Summary Judgment. (Ct. Rec. 13, 16). Attorney Maureen Rosette represents Starr Xanadu (Plaintiff); Assistant United States Attorney Pamela DeRusha and Special Assistant United States Attorney David J. Burdett represent the Defendant. After reviewing the administrative record and pleadings filed by the parties, the court **GRANTS** Plaintiff's motion for summary judgment and remands the matter to the Commissioner for additional proceedings.

**I.   JURISDICTION**

Plaintiff protectively filed for Social Security Income (SSI) on May 22, 2002. (Tr. 56-62.) He alleged disability due to pedophilia, anxiety disorder, irritable bowel syndrome and fatigue, with an alleged onset date of

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 1

June 1, 1965.[1]  (Tr. 56, 69.)  Plaintiff's application was denied initially and upon reconsideration.  (Tr. 31, 37.)  He timely requested a hearing before an administrative law judge (ALJ), which was held on June 28, 2004.  (Tr. 40, 215-239.)  ALJ Richard Hines denied his application on August 27, 2004, and the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner.  (Tr. 5, 17-27.)  The instant matter is before the district court pursuant to 42 U.S.C. § 405(g).

## II.  SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act also provides that a claimant shall be determined to be under

---

[1] Plaintiff's application is for Social Security Income (SSI) benefits only, under Title XVI of the Social Security Act.  (Tr. 56-62.)  In Title XVI cases "onset will be established as of the date of filing provided the individual is disabled on that date." *SSR 83-20*.

a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, a claimant must demonstrate a severe impairment and an inability to perform past work. *Erickson v. Shalala*, 9 F.3d 813 (1993). If a claimant meets those requirements, the burden shifts to the Commissioner to demonstrate at step five that a claimant can engage in other types of substantial gainful work which exists in the national economy. *Erickson*, at 817 (*citing Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984)). To make this determination, the Commissioner must consider a claimant's age, education and work experience. 20 C.F.R. § 404.1520(f); 416.920(f). *See Bowen v. Yuckert*, 482 U.S. 137 (1987).

### III. STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 3

be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

## IV. STATEMENT OF THE CASE

Detailed facts of the case are set forth in the transcript of proceedings and the parties' pleadings and are briefly summarized here. Plaintiff was 57 years old at the time of the ALJ hearing. (Tr. 231.) He completed eleventh grade and has a high school equivalency degree. (Tr. 190, 223.) He has relevant work experience as a dishwasher and kitchen helper. (Tr. 234.) He was not married and had no children. (Tr. 152, 223.) Plaintiff has been convicted of indecent liberties with a minor and was incarcerated for this crime as well as probation violations. (Tr. 224-25.) He is a diagnosed pedophile (male children exclusive) and a registered level III sex

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 4

offender. (Tr. 152.) He testified he could not work because he says inappropriate things to co-workers and to the public. (Tr. 225.) He also stated he has bladder problems that require 5-6 trips to the bathroom daily. (Tr. 225, 230.) He testified he had dizzy spells, he can only sit for one hour (more, if he is reading a good book), can stand for one half to one hour, and can lift or carry no more than ten pounds due to weakness in his left arm. (Tr. 231-32.) He stated he also experiences anxiety symptoms when in public after a couple of hours. (Tr. 233.)

Medical expert Allen Bostwick, Ph.D. and vocational expert Fred Cutler testified at the hearing.

## V.   ADMINISTRATIVE DECISION

At step one, ALJ Hines found Plaintiff had not engaged in substantial gainful activity since his alleged onset date; at steps two and three, he found Plaintiff had the "severe" impairments of irritable bowel syndrome, arthritis of the knees, and pedophilia, but these impairments did not meet or equal a listed impairment in Appendix 1, Subpart P, Regulation No. 4 of the Regulations. (Tr. 26.) He found Plaintiff's allegations regarding his limitations were not totally credible. (Id.) At step four, the ALJ found Plaintiff had the residual functional capacity (RFC) to perform the full range of medium exertion work, but due to his mental impairments, should have superficial contact with the

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 5

public and co-workers, and no contact with children. (Tr. 27.) He found Plaintiff could not perform his past relevant work. Based in part on the vocational expert testimony, ALJ Hines found Plaintiff could perform a significant number of jobs in the national economy, such as janitor or housekeeper. He determined that Plaintiff had no transferable skills, and transferability was not an issue. The ALJ determined Plaintiff was "not disabled" as defined by the Social Security Act. (Tr. 27.)

## VI. ISSUES

The question presented is whether the ALJ's decision is supported by substantial evidence and is free of legal error. Specifically, Plaintiff argues the ALJ erred when he did not give adequate reasons for rejecting the medical opinions of his treating physician and examining psychologists. (Ct. Rec. 14 at 15). He also contends the ALJ did not properly reject lay witness opinions. (*Id.* at 16).

## VII.   DISCUSSION

A. Medical Source Opinions

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 6

basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). An impairment or combination of impairments is not "severe" if it does not significantly limit a person's ability to do basic work activities, such as physical functions, capacities for seeing, hearing and speaking; understanding, carrying out and remembering simple instructions, use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1521, 416.921. The step two inquiry of the sequential evaluation is a *de minimis* screening device to dispose of groundless or frivolous claims. *Bowen*, 482 U.S. at 153-154.

To determine if there is a "severe" impairment at step two, the ALJ must consider the opinions of Plaintiff's medical providers. A treating or examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart,* 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). If

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 7

contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995). In addition to medical reports in the record, the analysis and opinion of a non-examining medical expert selected by an ALJ may be helpful in his adjudication. *Andrews*, 53 F.3d at 1041 *citing Magallanes v. Bowen,* 881 F.2d 747, 753 (9th Cir. 1989). Testimony of a medical expert may serve as substantial evidence when supported by other evidence in the record. *Id.*

The record includes several psychological evaluation forms and narratives from psychologists who examined Plaintiff for his 1999 disability claim. [2] (Tr. 95-140.)

---

[2] Plaintiff's prior application and decision denying that application are not part of the record before the court. The court, however, takes judicial notice of Plaintiff's prior application, filed on April 15, 1999, which was denied initially on August 26, 1999. The matter was heard by an ALJ, who denied benefits on December 12, 2000, the denial being upheld on appeal to the U.S. District Court for the Eastern District of Washington, (Cause number CS-02-028-CI, Ct. Rec. 15) on

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 8

Plaintiff's prior application for Social Security Income benefits was denied in August 1999. (Tr. 79.) ALJ Hines found no basis for reopening the prior claim and declined to do so. He specifically stated that the consideration of evidence submitted during the prior application did not constitute a reopening of the prior determination. (Tr. 17.) In doing so, he precluded a *de facto* reopening; therefore, only the 2002 application is before the court on appeal. (Tr. 17.) *See* 20 C.F.R. §§ 404.989, 416.1489; *Lewis v. Apfel*, 236 F.3d 503, 510 (2001); *Lester*, 81 F.3d at 827 n3. Further, the Commissioner's findings regarding medical evidence submitted prior to the denial of Plaintiff's claim by the ALJ in December 2000, are *res judicata*. *Lester*, 81 F.3d at 827. Observations in reports made prior to that date are irrelevant in assessing the 2002 disability claim. *Miller v. Heckler,* 770 F.2d 845, 848 (1989).

    Here, the ALJ found Plaintiff had the severe mental impairment of pedophilia and the physical impairments of irritable bowel syndrome and minor arthritis. (Tr. 26.) The ALJ stated he based his findings on the testimony of Dr. Bostwick, which he found consistent with the overall medical evidence of record. (Tr. 24.) Plaintiff asserts that the ALJ did not give adequate reasons for rejecting

---

October 24, 2002. The district court's decision was not appealed.

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 9

the opinions of his medical providers that he is more limited than the ALJ determined.  He argues this is legal error and cause for reversal.  (Ct. Rec. 14 at 15).

The Plaintiff is correct in his assertions in regards to his mental impairments. [3]  *See McAllister v. Sullivan*, 888 F.3d 599, 603 (1989).  In 2002, Drs. Debra Brown and Dennis Pollack examined Plaintiff and diagnosed anxiety disorder, NOS, as well as pedophilia.  (Tr. 143, 155.)  Agency psychologist Michael Brown also diagnosed anxiety disorder, NOS.  (Tr. 156, 161.)  Medical expert Dr. Bostwick confirmed anxiety disorder and personality disorder diagnoses at the hearing in June 2004.  (Tr. 220.)  However, the ALJ failed to discuss either

---

[3] The ALJ's findings regarding Plaintiff's physical impairments are supported by substantial evidence.  The ALJ specifically found Dr. Graham's opinion that Plaintiff was able to do only sedentary work was unexplained by Dr. Graham and unsupported by the medical records.  The ALJ also found this level of exertion was inconsistent with Plaintiff's own reports that he walked downtown regularly and was able to attend to all his activities of daily living.  (Tr. 23-24.)  These are legitimate reasons to discount a treating physician's opinions.  *See Flaten*, 44 F.3d at 1463-63.

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 10

diagnosis at step two, or determine the severity, other than to state Plaintiff had "minimal other anxiety." (Tr. 24.) He gave no reasons for rejecting the examining medical source diagnoses as required by the Regulations. 20 C.F.R. §§ 416.913; 416.927(d),(f)(2); *see also SSR 96-6* (ALJ must explain weight given to findings of agency psychologists). Failure to give specific and legitimate reasons for rejecting the opinions of examining or treating medical sources is reversible error. *Lester*, 81 F.3d at 827. The ALJ's determination that Dr. Debra Brown's opinions were of little weight because her reports were for state public assistance eligibility (Tr. 24) is not a legitimate reason. *Lester*, at 832 (purpose of medical report not a legitimate reason for rejection).

Further, the ALJ did not discuss the "marked" limitations reported by Dr. Brown in his RFC determination and did not give specific, legitimate reasons for rejecting her most recent opinion. For example, after six years of assessing Plaintiff, Dr. Debra Brown opined Plaintiff, due to his pedophilia and attendant anxiety about re-offending, had "marked" limitations in his ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting, and she did not believe he could work in "any type traditional employment." (Tr. 144, 148.) Dr. Pollack opined Plaintiff was very anxious, had a very high probability of relapse and controlled his impulses by isolating himself. (Tr. 155.) These opinions were

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 11

not specifically rejected by the ALJ. Without proper, specific rejection of Dr. Debra Brown's and Dr. Pollack's opinions, those opinions may be credited as true. *See Benecke*, 379 F.3d at 594.

At the hearing, Dr. Bostwick testified that Plaintiff's condition would cause social and interpersonal impairments and would cause him to isolate himself to avoid acting out his sexual obsessive/compulsive tendencies. He opined this would translate in the work setting as difficulty dealing with the public in general and getting along with co-workers. (Tr. 221-22.) Dr. Bostwick found only "moderate" limitations in Plaintiff's ability to accept criticism from supervisors, which contradicts the examining psychologist's "marked" finding, which as discussed above, was not properly rejected. (Tr. 221-22.) Thus, Dr. Bostwick's testimony, upon which the ALJ relied, is not supported by the opinion of a significant examining medical source in the record. As the unrejected opinion of an examining medical source is given more weight than the opinion of a non-examining doctor that is not supported by other medical evidence, Dr. Bostwick's testimony cannot be considered substantial evidence.[4] *Andrews,* 53 F.3d at

---

[4] Dr. Bostwick also opined that alcohol abuse was not a current diagnosis. (Tr. 221.) In his decision, ALJ Hines found "[t]he claimant's history of drug and

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 12

1041.

Moreover, limitations from acceptable medical sources that are credited as true should be included in the hypothetical to the vocational expert. *Magallanes*, 881

---

alcohol abuse, in remission, is not a contributing factor material to the determination of disability." and proceeded to make RFC findings "absent the effects of the claimant's substance addiction disorder . . . ." (Tr. 22, 23.) On remand, the ALJ must conduct the five-step inquiry without attempting to determine the impact of alcoholism or drug addiction in accordance with the court's holding in *Bustamante v. Massanari*, 262 F.3d 949 (9th Cir. 2001). If the ALJ finds that the claimant is not disabled under the five-step inquiry, the claimant is not entitled to benefits and there is no need to proceed with further analysis. *Id*. at 955. If the ALJ finds that claimant is disabled, and there is evidence of polysubstance abuse, the ALJ should proceed under 20 C.F.R. § 404.1535 or § 416.935 to determine if the claimant would still be disabled absent the polysubstance abuse. *Id*.

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 13

F.2d at 756 (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). If the hypothetical presented to a vocational expert does not include all restrictions supported by the record, the vocational expert's testimony has no evidentiary value. *Id.* Here, the ALJ presented the following hypothetical question to vocational expert Fred Cutler:

> If an individual the same age category, educational level, and prior relevant work experience as the Claimant had no exertional limitations but was restricted to work that required only superficial contact with the public, no children involved, superficial contact or interaction with co-employees and no close supervision [later revised to "largely working independently" as opposed to "no close supervision"], would that person be able to perform work . . . ?

(Tr. 236-37.)

The vocational expert testified that even if a worker is working largely independently, there would still be some supervision; if he were not doing his work appropriately, close supervision would result. (Tr. 237.) Because the ALJ failed to include in the hypothetical presented the unrejected "marked" limitation in Plaintiff's ability to respond appropriately to supervisors and tolerate the pressures and expectations of a normal work setting (i.e. one that includes supervision if a job is not done appropriately), the hypothetical is incomplete, and the vocational expert testimony is not substantial evidence.

On remand, the ALJ should explain the weight given to all medical source opinions and, if rejected, give

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 14

appropriate reasons for doing so.  All limitations otherwise supported by the record should be then included in the ALJ's RFC and posited to the vocational expert at step five.

### B.  Lay witness opinion

Plaintiff further asserts that the ALJ erred in ignoring the observations of Colleen Toliver, SSI Facilitator.  (Ct. Rec. 14 at 16.)  In May 2002, Ms. Toliver, who worked for the Department of Social and Health Services (DSHS) for the State of Washington, represented that Plaintiff had accessed DSHS services since 1986.  She reported that Plaintiff had tremendous anxiety about re-offending.  She stated his condition is "chronic and severe."  She stated that Plaintiff had not worked since 1994, and, before that, any employment did not last.  (Tr. 78.)  The ALJ did not discuss or explain what, if any, weight was given this testimony.  "[L]ay witness testimony as to a claimant's symptoms or how an impairment affects ability to work *is* competent evidence and therefore *cannot* be disregarded without a statement of reasons that are germane to each witness."  *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996)(*citing Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) (other citations omitted).  On remand, Ms. Toliver's opinions should be addressed.

### C.  Remedy

There are two remedies where the ALJ fails to provide adequate reasons for rejecting the opinions of a treating

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 15

or examining psychologist.  The general rule, found in the *Lester* line of cases, is that "we credit that opinion as a matter of law."  *Lester,* 81 F.3d at 834; *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990); *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989).  Under the alternate approach found in *McAllister*, *supra,* a court may remand to allow the ALJ to provide the requisite specific and legitimate reasons for disregarding the opinion.  *See also Benecke*, 379 F.3d at 594 (court has flexibility in crediting testimony if substantial questions remain as to claimant's credibility and other issues);  [5]  Where evidence has been identified that may be a basis for a finding, but the findings are not articulated, remand is the proper disposition. *Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990)(*citing McAllister*); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1202 (9th Cir. 1990).  Accordingly,

**IT IS ORDERED:**

    1. Plaintiff's Motion for Summary Judgment (**Ct. Rec. 13**) is **GRANTED.**  The matter is remanded to the

---

[5]  The ALJ gave clear and convincing reasons for his determination that Plaintiff's allegations regarding his limitations are not credible.  (Tr. 23-24.)  The credibility finding has not been challenged.

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 16

Commissioner of Social Security for further proceedings consistent with the decision above and sentence four of 42 U.S.C. § 405(g).

2. Defendant's Motion for Summary Judgment (**Ct. Rec. 16**) is **DENIED.**

3. Judgment for the **Plaintiff** shall be entered. An application by separate motion for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) may be filed for consideration by the court.

4. The District Court Executive is directed to enter this Order, forward copies to counsel, and close this file.

**DATED** this 20th day of March 2006.

                               s/ Alan A. McDonald
                                  ALAN A. McDONALD
              SENIOR UNITED STATES DISTRICT JUDGE